UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID M. KIRK,

Plaintiff,

v. CASE NO. 3:26-cv-906-WWB-SJH

NEW YORK SECRETARY OF STATE,

Defendant.
_______________________________/

**ORDER**

Plaintiff initiated this case by filing a motion for declaratory and injunctive relief ("Motion for Relief"). Doc. 1. Defendant filed a motion to dismiss the Motion for Relief ("Motion to Dismiss"), arguing, among other things, that "[a] civil action is commenced by filing a complaint[,]" which Plaintiff failed to do so. Doc. 18 at 4–6. After responding to the Motion to Dismiss, Doc. 21, Plaintiff separately filed a motion for leave to file a complaint ("Motion to File"), Doc. 26. Defendant opposes the Motion to File because (i) it fails to include a memorandum of law; (ii) neither attaches nor describes the proposed complaint; and (iii) "may be futile" under the circumstances. Doc. 33.

Upon consideration, the Court will grant the Motion to File to the extent stated herein and deny without prejudice as moot the Motion for Relief and the Motion to Dismiss. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint is a pleading. Fed. R. Civ. P. 7(a)(1). Thus, a proper pleading

is generally a prerequisite to the relief Plaintiff appears to seek, but no such pleading has been filed.[1] *See, e.g., Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830–31 (11th Cir. 2010); *Ala. v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127–28 (11th Cir. 2005); *see also Johnson v. HSA Holly Robertson*, No. 3:23-cv-1379, 2024 WL 38290, at *2 (M.D. Tenn. Jan. 3, 2024); *Hencey v. United Airlines, Inc.*, No. 21-cv-61702, 2021 WL 3634630, at *1–2 (S.D. Fla. Aug. 17, 2021); *Lowenthal v. Mass.*, No. 14-cv-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014). For this reason, and given that Plaintiff specifically requests leave to file a complaint, the Motion to File is due to be granted to the extent that Plaintiff will be directed to file a proper pleading, and the Motion for Relief (untethered to any pleading) and corresponding Motion to Dismiss are due to be denied without prejudice as moot.[2]

---

[1] Moreover, it is not proper to combine a motion within a pleading; any such filings must be separate. *See Keszthely v. United States*, No. 8:17-cv-657-T-33AAS, 2017 WL 11683794, at *2 (M.D. Fla. Dec. 19, 2017) ("[P]leadings and motions are different and should not be combined."); *see also Fed. Trade Comm'n v. Romero*, No. 5:24-cv-473-JSM-PRL, 2025 WL 773619, at *1 (M.D. Fla. Mar. 11, 2025). Nothing herein addresses whether the Motion for Relief would be appropriate following the filing of a proper pleading.

[2] Defendant correctly observes that the Motion to File is deficient insofar as it neither contains a memorandum of law nor attaches or sufficiently describes Plaintiff's proposed pleading. *See* Local Rule 3.01(b); *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277–78 (11th Cir. 2018). But as Defendant has also argued, a complaint is required. And given Plaintiff's *pro se* status, it would be appropriate to direct Plaintiff to file a proper pleading even if Defendant had not expressly raised the requirement and Plaintiff had not expressly asked for leave to address it. *Cf. Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (explaining that where a more carefully drafted pleading might plausibly state a claim, a *pro se* plaintiff must be given at least one chance at amendment—even if not requested—before dismissal with prejudice, unless amendment would be futile or there is a clear indication that the plaintiff does not want to amend); *see also Jones v. Fla. Dep't of Corr.*, No. 21-13961, 2022 WL 9712236, at *2 (11th Cir. Oct. 17, 2022) (finding the district court erred in dismissing *pro se* complaint without first providing an opportunity to amend). Finally, the Court declines under the circumstances to address at this time Defendant's hypothetical argument that the unknown pleading "may be futile." Argument to the propriety or sufficiency of the pleading may be raised, if appropriate, once it is filed. *Cf. Novo Nordisk, Inc. v. Live Well Drugstore, LLC*, No. 3:23-cv-808-TJC-PDB, 2024 WL 3345334, at *1 (M.D. Fla. July 9, 2024) ("This order makes no ruling on

A pleading must comply with the Federal Rules of Civil Procedure ("Rule(s)"), including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing the plaintiff is entitled to relief; and (iii) a demand for the relief sought. Fed. R. Civ. P. 8(a). Under Rule 10, it must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Where necessary for clarity, discrete claims should be separated into different counts. *Id.* Although a pleading need not set forth detailed factual allegations, Plaintiff must provide more than mere labels and conclusions, and the factual allegations must be enough to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, any pleading must be complete and must include all claims Plaintiff wishes to pursue, as well as all facts in support and relief sought, in a single submission. Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (citation omitted);[3] *Carvel v. Godley*, 404 F. App'x 359,

---

futility—a matter better addressed with adversarial briefing on a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment."); *see also Fruits-Giddings S.A. de C.V. v. Always Fresh Farms, LLC*, No. 8:20-cv-2875-MSS-TGW, 2021 WL 12299456, at *2 (M.D. Fla. Nov. 29, 2021); *My Energy Monster, Inc. v. Gawrych*, No. 8:20-cv-2548-MSS-AEP, 2021 WL 2964065, at *2 (M.D. Fla. Mar. 25, 2021); *Real Est. Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-cv-1045-ORL-GJK, 2012 WL 12903886, at *2 (M.D. Fla. Feb. 16, 2012).

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000);

361 (11th Cir. 2010). Plaintiff's failure to file a proper pleading as directed may result in the dismissal of this case without further notice.

Accordingly, it is **ordered**:

1. The Motion for Relief, Doc. 1, and the Motion to Dismiss, Doc. 18, are each **denied without prejudice as moot**.

2. The Motion to File, Doc. 26, is **granted** to the extent stated herein.

3. Plaintiff is **directed** to file a proper complaint in compliance with this Order and all applicable rules and law by no later than **November 19, 2026**. Plaintiff's failure to do so may result in the dismissal of this case without further notice.

4. Unless otherwise modified or ordered by the Court, the stay previously imposed by the Court as to discovery and the filing of a case management report, Doc. 28, is **extended** until the earlier of (i) the filing of an answer to Plaintiff's complaint; or (ii) if a motion directed to Plaintiff's complaint is filed under Rule 12, a ruling on such motion.

**DONE AND ORDERED** in Jacksonville, Florida, on October 29, 2026.

Samuel J. Horovitz
United States Magistrate Judge

11th Cir. R. 36-2.

Copies to:

*Pro Se* Plaintiff

Counsel of Record